**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **DAVID STRATTA and ANTHONY FAZZINO,**<br>*Plaintiff,*<br><br>**v.**<br><br>**JAN A. ROE, BILLY L. HARRIS, BRYAN F. RUSS, JR., JAYSON BARFKNECHT, MARK J. CARRABBA, GORDON PETER BRIEN, and STEPHEN C. CAST, in their individual and official capacities, and the BRAZOS VALLEY GROUNDWATER CONSERVATION DISTRICT,**<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL NO. 6:18-CV-00114-ADA** |

**<u>ORDER ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

Before the Court is the Motion of Defendants Brazos Valley Groundwater Conservation District (the "District") (including its Directors in their official capacity) and, in their individual capacities Jan A. Roe; Billy L. Harris, Bryan F. Russ, Jr., Jayson Barfknecht, Mark J. Carrabba, and Stephen C. Cast (the "Individual Defendants") pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings filed on July 30, 2020. ECF No. 45. Based on the reasoning below, the Defendants' Motion is **DENIED-IN-PART** and **GRANTED-IN-PART.**

## I. BACKGROUND

### A. Procedural Background

Plaintiffs filed their Original Complaint on April 13, 2018, asserting causes of action for violations of the first amendment, equal protection clause, and takings clause. ECF No. 1. The Defendants filed a motion to dismiss for lack of jurisdiction based on immunity and ripeness on

July 30, 2018. ECF No. 5. Defendants also filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on the same day. ECF No. 13. Plaintiffs filed responses to both of Defendants' motions on September 7, 2018. ECF. No. 17, 18. This Court eventually granted the motion to dismiss on December 3, 2018 and rendered final judgment on December 4, 2018. ECF No. 34, 35. Plaintiffs appealed the final judgment of this Court on December 10, 2018. ECF No. 36. The Fifth Circuit affirmed this Court's dismissal of Plaintiffs' first amendment claim and reversed the dismissal for lack of jurisdiction and remanded to this Court. *See Stratta v.* Roe, 961 F.3d 340, 364 (5th Cir. 2020).

Defendant then filed its Motion for Judgment on the Pleadings on July 30, 2020. ECF No. 45. Plaintiffs filed their response to the motion on August 24, 2020. ECF No. 51. Plaintiffs subsequently amended their complaint on August 27, 2020. ECF No. 53. The parties then stipulated that Defendants' Rule 12(c) Motion applies to Plaintiff's First Amended Complaint. ECF No. 54. Defendants then filed a reply to Plaintiffs' response on September 24, 2020. ECF No. 60.

**B. Factual Background**

The District is a Texas political subdivision whose purpose is to manage water resources within its two-county jurisdiction. ECF No. 45 at 4. The District is a Groundwater Conservation District created under Section 59, Article XVI of the Texas Constitution and Chapter 36 of the Texas Water Code. Tex. Water Code §§ 36.0015, 36.011; ECF No. 45 at 4–5.

Plaintiff Fazzino is a landowner with property within the territorial authority of the District. ECF No. 53 at 4. Fazzino owns 26.65 acres of real property in Brazos County, Texas. ECF No. 53 at 13. Under the Texas Constitution, Fazzino owns the groundwater beneath his land, including the groundwater located in the Simsboro aquifer. *See* Tex. Const. art. XVI § 59;

ECF No. 53 at 13. The City of Bryan, Texas, owns a 2.7-acre tract that is less than 3,000 feet away from Fazzino's property and has rights to the groundwater below under the Texas Constitution. *See* Tex. Const. art. Xvi § 59; ECF No. 53 at 6.

Pursuant to its authority under the Texas Water Code, the District promulgated certain rules governing the production of groundwater from the Simsboro formation. ECF No. 53 at 4. On December 2, 2004, the District's new rules (the "Rules") took effect. ECF No. 53 at 4. The Rules regulate landowners' production of groundwater by establishing three categories of wells: (1) Existing Wells; (2) New Wells; and, (3) Wells with Historic Use. ECF No. 53 at 4. Historic Wells are generally limited to producing the maximum amount of groundwater an owner can prove was beneficially used before the effective date of the Rules. ECF No. 53 at 4. An Existing Well is a well for which drilling or significant development of the well commenced before the effective date of the Rules. ECF No. 53 at 4.

The Rules regulate how much water may be withdrawn from a well by imposing spacing requirements and production limitations. ECF No. 53 at 4. The spacing requirements, however, applied only to New Wells. ECF No. 53 at 4. The production limits under the Rules were not clearly defined for Existing Wells. ECF No. 53 at 5. However, Existing Wells are not subject to the spacing requirements or acreage limitations. ECF No. 53 at 5.

The Rules limit production of New Wells to require a reasonable reflection of the cone of depression impact near the pumped well, as based on the best available science. ECF No. 53 at 5. According to the formula found within the Rules, a well producing 3,000 gallons per minute will create a cone of depression impact around the pumped well that extends for 3,003 feet in all directions. ECF No. 53 at 5. The cone of depression thereby affects all groundwater resources within a circle with an area of 649 acres. ECF No. 53 at 5.

On December 8, 2004, six days after the Rules took effect, the City of Bryan began drilling Well No. 18 on its 2.7-acre tract of land and completed the well ten months later. ECF No. 53 at 6. In June 2006, the City of Bryan applied for a permit to operate Well No. 18 at a production rate of 3,000 gallons per minute, which the District conditionally granted. ECF No. 53 at 6. Even though the City of Bryan began drilling Well No.18 after the rules took effect, the District granted several permits for Well No. 18 that classified Well No. 18 as an Existing Well. ECF No. 53 at 6–7. The District's classification of Well No. 18 as an Existing Well allowed the City of Bryan to produce disproportionate amounts of groundwater despite owning only 2.7 acres of land. *See* ECF No. 53 at 5–6. Fazzino's property was within 3,003 feet of Well No. 18 and is therefore impacted by production from Well No.18. ECF No. 53 at 13

Plaintiffs assert that Well No. 18 should have been classified as a New Well instead of an Existing Well. ECF No. 53 at 6. Under the limitations applicable to New Wells, Well No. 18, being a 2.7-acre tract, would be limited to a maximum allowable production of 192 gallons per minute. ECF No. 53 at 6. The City's well far exceeded the Rules' limitation on acreage-based groundwater production for a New Well. ECF No. 53 at 6. Because of this, the City's Well No. 18 may threaten to dissipate Fazzino's Groundwater.

Fazzino initially filed a complaint with the District, seeking to reduce Well No. 18's production. ECF No. 53 at 7. However, the State Office of Administrative Hearings found that Fazzino was not authorized to assert such a complaint because the well was owned by a third party, the City of Bryan. ECF No. 53 at 7. Fazzino then applied for a permit to produce groundwater at 3,000 gallons per minute so that he could offset the production of Well No.18. ECF No. 53 at 7. The District told Fazzino that he would need 649 acres to be allowed the level of production he requested. ECF No. 53 at 7. Fazzino responded that he could not show that he

owned 649 acres and requested a variance from the spacing and production rules to offset Well No. 18's production. ECF No. 53 at 8. Because Fazzino could not provide proof that he owned 649 acres as he only owned 26.65 acres, the District denied Fazzino's application and requests for a variance. ECF No. 53 at 8.

Fazzino then filed suit under 42 U.S.C. § 1983, alleging that the District violated his equal protection right and has taken his property without compensation by allowing landowners with small tracts of land to produce disproportionate amounts of water while denying him the same. ECF No. 53 at 8.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(c)

A motion brought pursuant to Federal Rule of Civil Procedure 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Witter Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Id.*

The Standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim. *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). Therefore, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcraft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The analysis of *Twombly* and *Iqbal* requires a two-step process. *Waller*, 922 F.3d at 599. First, the Court must identify the complaint's well-pleaded factual content. *Id.* In doing so, the Court must set aside any unsupported legal conclusions. *Id.* Second, the Court must determine whether the remaining

allegations are sufficient to nudge the plaintiff's claims across the 'plausibility' threshold. *Id.* In other words, the Court must determine whether more than the mere possibility of misconduct may be reasonably inferred from the complaint's well-pleaded factual content. *Id.* The Supreme Court's analysis in *Iqbal* provides for a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

**B. Statute of Limitations – 42 U.S.C. § 1983**

42 U.S.C. § 1983 provides a cause of action for the deprivation of civil rights but does not provide for a statute of limitations. *See* 42 U.S.C. § 1983. When determining the timeliness of claims brought under Section 1983, federal courts apply the forum state's personal-injury statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 241 (1989; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989). Texas, the forum state in this case, has a two-year statute of limitations period for general personal injury claims. Tex. Civ. Prac. & Rem. Code § 16.003(a). Therefore, Texas' two-year statute of limitations applies to Section 1983 claims. *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989); *Redburn v. City of Victoria*, 898 F.3d 489, 496 (5th Cir. 2018).

While state law will determine the limitation period, but federal law governs when a Section 1983 claim accrues. Wallace v. Kato, 549 U.S. 384, 388 (2007); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Id.* A claim accrues, and the statute of limitations begins to run when the Plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. *King-White v. Humble Indep. School Dist.*, 803 F.3d 754, 759–61 (5th Cir. 2015).

***i. Accrual of Takings Clause Claim***

A takings clause violation occurs when the government takes property without compensation. *Knick v. Twp. of Scott*, 139 S.Ct. 21262, 2177 (2019). For a regulatory taking claim to be ripe, there must be a final decision regarding the application of the regulations to the property at issue. *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186 (1985). Under the final decision rule, a plaintiff may initiate an action when "the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." *Williamson.*, 473 U.S. at 186, *overruled on other grounds by Knick*, 139 S. Ct. 2162. A landowner may not establish a taking before a land-use authority has the opportunity, using its own reasonable procedures, to decide and explain the reach of the challenged regulation. *Palazzolo v. Rhode* Island, 533 U.S. 606, 617–18 (2001).

The Supreme Court's decision in *Williamson County* established that, for a taking claim to be ripe, the plaintiff must: (1) receive a final agency decision; and, (2) exhaust state court remedies. *See Williamson Cty.*, 473 U.S. at 186; *see also Driftless Area Land Conservancy v. Nowak*, 2020 WL 6822707, slip op. at *10 n. 13 (W.D. Wis. November 20, 2020) (Conley, J). After *Williamson*, the Supreme Court specifically overruled the state-court-remedy-exhaustion requirement but did not do the same for the final-decision requirement. *See Knick*, 139 S. Ct. at 2169 ("[Petitioner] does not question the validity of [the *Williamson*] finality requirement, which is not at issue here."). Therefore, Fazzino's takings clause claims accrued when Fazzino fully pursued the administrative remedies available to him. *Stratta*, 961 F.3d at 356.

***ii. Accrual of Equal Protection Clause Claim***

Determining when an equal protection clause violation accrues requires the Court to identify precisely when the deprivation or denial of equal benefit of the laws occurred. *Delaware*

*State College v.* Ricks, 449 U.S. 250, 257–58 (1980). If the discrimination alleged is a single act, limitations begin to run at the time of the act. *Id.*; *Perez v. Laredo Junior College*, 706 F.2d 731, 733–34 (5th Cir. 1983). If, on the other hand, the violation does not occur at a single moment but in a series of separate acts and if the same alleged violation was committed at the time of each act. *Perez*, 706 F.3d at 733–34. Similarly, if the violation occurs as a result of a continuing policy, the policy itself being illegal, then the statute does not foreclose an action aimed at the enforcement of the policy within the limitations period. *Id.* (citing to *Downey v. S. Nat. Gas Co.*, 649 F.2d 302, 304 (5th Cir. 1981).

## III. ANALYSIS

### A. Plaintiff's takings clause claim is not barred by limitations.

Defendants premise their Rule 12(c) motion on the theory that Fazzino's takings claims are barred by limitations because the Rules that ultimately resulted in the alleged taking were enacted and became effective in December of 2004, almost twelve years before Fazzino filed his Section 1983 claim. ECF No. 45 at 10; ECF 1 at 16. Defendants go on to say that the City of Bryan's application for a permit was granted in 2006 and the permit was issued in 2007, roughly ten and seven years before Fazzino filed his Section 1983 claim. ECF No. 45 at 10, ECF No. 1 at 23, 24. The District argues that the enactment of the rules is when the takings claim accrued, and limitations began to run. ECF No. 45 at 10. Based on Texas' two-year limitations period, Fazzino's claims would be barred as early as December 2006. ECF No. 45 at 11.

Plaintiffs respond by pointing the Fifth Circuit's earlier decision in this case, *Stratta v. Roe*, in which the Court found that "Fazzino's takings claim is ripe for adjudication because Fazzino fully pursued the administrative remedies available to him before filing this action." *Stratta*, 961 F.3d at 356; ECF No. 50 at 3. In applying the Supreme Court's decisions in

*Williamson County* and *Knick*, the Fifth Circuit found that the only requirement for a takings claim to be ripe is for the government to take an individual's property without just compensation. *Stratta*, 961 F.3d at 356. (citing to *Knick*, 139 S.Ct. at 2168.)

Here, Fazzino complains that the manner in which the District applied its rules violated equal protection when it denied Fazzino's application. ECF No. 50, at 5. The taking which Fazzino complains of is not the enactment of the Rules but rather the application of those Rules. ECF No. 50 at 2–3. Fazzino's property was not taken without just compensation until the District reached its final decision to deny Fazzino's application and request for a variance which occurred on September 6, 2017. *See* ECF NO. 50 at 5.

The District denied Fazzino's application for increased production to offset the City of Bryan's production on September 6, 2017. ECF No. 53 at 8. The limitations period would thus expire on September 6, 2019. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a). Fazzino filed this suit on April 13, 2018. ECF No. 1. Therefore, Fazzino's takings claims are not barred by the statute of limitations.

Defendants respond with the argument that merely limiting an individual's access to a property interest does not constitute a taking. ECF No. 51 at 5 (citing to *Degan v. Board of Trustees of the Dallas Police & Fire Pension System.*, 956, F.3d 813, 814 (5th Cir. 2020). However, the Supreme Court recognized that the regulation of property, if it goes too far, will be recognized as a taking. *Penn. Coal Co. v. Mahon*, 260 U.S. 393, 415 (1922); *Murr v. Wisconsin*, 137 S.Ct. 1933, 1942 (2017). A regulatory taking occurs when a regulation "denies all economically beneficial or productive use of land." *Murr*, 137 S.Ct. at 1942 (citing to *Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001)). A regulatory taking may also occur when the regulation impedes the use of property after a consideration of: (1) the economic impact of the

regulation on the claimant; (2) the extent to which the regulation has interfered with distinct investment-backed expectations; and, (3) the character of the governmental action. *Id.*; *see also Penn. Central Transp. Co. v. New York City*, 438 U.S. 104, 124 (1978). Fazzino pleads sufficient facts that, taken in the light most favorable, would state a proper takings claim based on the District's decision to deny his application and request for variance in 2017.

Therefore, Defendants' motion for judgment on the pleadings to dismiss Fazzino's takings claims against the District is **DENIED**.

**B. Plaintiff's equal protection clause claim is not barred by limitations.**

Defendants argue that Fazzino's equal protection claims stem from the Rules themselves as opposed to the application thereof. ECF No. 45 at 11–12. Defendant

Similar to Fazzino's takings claim, his equal protection clause alleges sufficiently that the District "unequally applied its Rules by treating municipalities, like the City of Bryan, as exempt from the production limits required by the Rules' surface area formula while rigorously enforcing those limits against Fazzino." ECF No. 53 at *Stratta*, 961 F.3d at 360. Plaintiff's equal protection clause claim focuses on the District's disparate treatment of Fazzino and the City of Bryan and other municipal water suppliers such as the City of College Station. ECF No. 53 at 9–10. Plaintiff's complaint alleges that the District treated him differently from others similarly situated by subjecting his property to more burdensome production limits and denying him an offset. ECF No. 53 at 10. Because the unequal application of the Rules did not occur until September 6, 2017, limitations had not expired when Fazzino filed suit on April 13, 2018.

Regardless, even if the alleged occurs as a result of a continuing policy, the policy itself being illegal, then an action that is aimed at the enforcement of the policy within the limitations period is not foreclosed. *Perez*, 706 F.3d at 733–34.

Therefore, Defendants' motion for judgment on the pleadings as to Fazzino's equal protection claims against the District is **DENIED**.

**C. Abandonment of Claims**

***i. Plaintiff abandoned his takings claims against the individual defendants.***

The takings clause of the fifth amendment is a limitation on the government. *Vicory v. Walton*, 730 F.2d 466, 467 (6th Cir. 1984); *see also U.S. v. Clarke*, 445 U.S. 253, 257 (1980). The wrongful taking, detention or theft by an individual of property of another is not a constitutional taking as that term has been defined by the fifth amendment and commonly understood by the courts. *Vicory*, 730 F.2d at 467.

Defendant argues that the Individual Defendants are not proper defendants for purposes of Fazzino's takings claim. ECF No. 45 at 12–13. The Court notes that Plaintiff has not raised any argument in response to the District's argument against Plaintiff's takings claims against the Individual Defendants. *See* ECF No. 50. A party's failure to respond to arguments raised in a Rule 12 motion constitutes waiver or abandonment of those issues. *See Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006); *Arkansas v. Wilmington Tr. Nat. Ass'n,* No. 3:18-CV-1481-L, 2020 WL 1249570, at *5 (N.D. Tex. Mar. 16, 2020).

Therefore, Defendants' motion for judgment on the pleadings is **GRANTED** as to Fazzino's takings claims against the Individual Defendants: Jan A. Roe, Billy L. Harris, Bryan F. Russ, Jr., Jayson Barfknecht, Mark J. Carrabba, and Stephen C. Cast.

***ii. Plaintiff abandoned his takings claims for punitive damages.***

Defendant argues that just compensation is the exclusive remedy that is available under the fifth amendment's taking clause. ECF No. 45 at 14. The Supreme Court defined "just compensation" as the full monetary equivalent of the property taken. *Phillips v. Washington*

*Legal Fund*, 524 U.S. 156, 177 (1998). Defendant admits that punitive damages may be recoverable under a Section 1983 claim in certain situations, none of which are applicable here. ECF No. 45 at 14–15.

The Court notes that Plaintiff has not raised any argument in response to the District's argument against Plaintiff's claims for punitive damages. *See* ECF No. 50. A party's failure to respond to arguments raised in a Rule 12 motion constitutes waiver or abandonment of those issues. *See Panola*, 461 F.3d at 588 n.1; *Wilmington,* 2020 WL 1249570, at *5.

Therefore, Defendants' motion for judgment on the pleadings is **GRANTED** as to Plaintiffs' claims for punitive damages.

***iii. Plaintiff abandoned takings claims for injunctive relief.***

The Fifth Amendment gives the right to full compensation at the time of the taking, regardless of post-taking remedies that may be available to the property owner. *Knick v. Twp. Of Scott, Penn.*, 139 S.Ct. 2162, 2170 (2019). "As long as an adequate provision for obtaining just compensation exists, there is no basis to enjoin the government's action effecting a taking." *Id.* at 2176.

The Court notes that Plaintiff has not raised any argument in response to the District's argument against Plaintiff's claims for injunctive relief. *See* ECF No. 50. A party's failure to respond to arguments raised in a Rule 12 motion constitutes waiver or abandonment of those issues. *See Panola*, 461 F.3d at 588 n.1; *Wilmington,* 2020 WL 1249570, at *5.

Therefore, Defendants' motion for judgment on the pleadings is **GRANTED** as to Plaintiff's takings claims seeking injunctive relief.

## V. CONCLUSION

Based on the foregoing, Plaintiffs' equal protection and takings claims are not barred by limitations. Defendants' Motion for Judgment on the Pleadings is **DENIED-IN-PART** as to its request to dismiss Plaintiffs' equal protection and takings claims.

Plaintiffs' claims against Jan A. Roe; Billy L. Harris, Bryan F. Russ, Jr., Jayson Barfknecht, Mark J. Carrabba, and Stephen C. Cast in their individual capacities are not proper. Therefore, Defendants' Motion for Judgment on the Pleadings is **GRANTED-IN-PART** as to the Individual Defendants.

Plaintiffs' claims for injunctive relief and punitive damages are not proper under 42 U.S.C. § 1983. Therefore, Defendants' Motion for Judgment on the Pleadings is **GRANTED-IN-PART** as to Plaintiffs' claims for injunctive relief and punitive damages.

SIGNED this 30th day of March, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE